UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CHRISTINA GUTTIG,<br>Plaintiff,<br>v.<br>SSA COMMISSIONER,<br>Defendant. | Case No. 23-cv-02917-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 20 |

## I.   INTRODUCTION

After Plaintiff Michelle Christina Guttig brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case, and the Commissioner subsequently issued a decision in her favor. Plaintiff's attorney, Francesco Benavides, now seeks $39,000 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 20. For the following reasons, the Court **GRANTS** the motion.

## II.   BACKGROUND

Plaintiff brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). On October 26, 2023, the Court granted the parties' stipulation to remand for further proceedings. ECF No. 16. The Court subsequently granted the parties' stipulation for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8,720.19. ECF No. 19.

On remand, the Commissioner granted Plaintiff's application and awarded retroactive benefits. Mot., Ex. 1 (Notice of Award), ECF No. 20-1. The notice did not specify the total amount of Plaintiff's back-due award of disability benefits. *Id*. However, the notice advised Plaintiff that 25% of her past-due benefits, and her family's past due benefits, were being withheld to pay attorney fees. *Id*. at 3. The combined total of the past-due benefits being withheld to pay

1   attorney fees, equating to 25% of the back-due award, was $57,114.25.  *Id.*

2         Under a contingent-fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award.  Mot., Ex. 3 (Fee Agreement), ECF No. 20-3.  Benavides requests a fee of $39,000.00.  Mot. at 3.  Neither the government nor Plaintiff has filed an objection to the motion for fees, and the deadline for doing so has passed.

### III.   LEGAL STANDARD

         Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act.  While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-due benefits.  *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001).  Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees.  *Gisbrecht*, 535 U.S. at 805.

         The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel."  535 U.S. at 793.  Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee.  *Id.* at 807.  Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808).  The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits

2

that are not in proportion to the time spent on the case." *Id.* at 1151.  The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.  However, "the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges[,] . . . but only *as an aid* in assessing the reasonableness of the fee." *Id.* (emphasis in original).

Additionally, a § 406(b) fee award is offset by any award of EAJA fees.  Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV.   DISCUSSION

The Court finds counsel has met his burden to demonstrate the requested fees are reasonable.  First, counsel has presented a valid contingent fee agreement.  Mot., Ex. 3.  Benavides states he has been practicing Social Security law for approximately 15.5 years and, outside of contingency fee related representation, his hourly rate ranges from $350 to $550 per hour.  Benavides Decl. ¶¶ 9-10, ECF No. 20.  Second, he has supplied timesheets documenting hours worked.  Mot., Ex. 4, ECF No. 20-4.  Benavides states he spent 39.6 hours working on this case, leading to an effective hourly rate of $984.85 per hour.  *Id.*; Benavides Decl. ¶ 12.  Third, there is no evidence that counsel's work was substandard or that the fee award is disproportionate to the amount of work on the case, and the effective hourly rate is within the range of what courts have approved under Section 406(b).  *See, e.g., Fernandez v. King*, 2025 WL 277398, at *2 (N.D. Cal. Jan. 23, 2025) (awarding fee request that provides an hourly rate of $1,145.67); *Ainsworth v. Berryhill*, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (awarding fee request that provides an hourly rate of $1,325.34); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour and noting: "Reducing § 406(b) fees after *Crawford* is a dicey business").  Moreover, counsel obtained an excellent result for his client and took on the risk of contingent representation.  The Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the

3

hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."). As such, the requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants.

Once the Court determines the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id*. Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $8,720.19 in EAJA fees previously awarded. *See Crooks v. Kijakazi*, 2022 WL 1469519, at *2 (N.D. Cal. May 10, 2022) (directing counsel to refund to client fees previously awarded under the EAJA).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $39,000, payable to Francesco Benavides. Counsel is **ORDERED** to refund the $8,720.19 EAJA fee award to Plaintiff.

**IT IS SO ORDERED.**

Dated: December 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

4